**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
EMMETT COLLINS III

### DEFENDANTS
COUNTY OF ALAMEDA; Alameda County Sheriff's Deputy R. PECK; Alameda County Sheriff's Deputy S. SORENSEN; DOES 1-25 inclusive

**(b)** County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)
ALAMEDA COUNTY

County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John L. Burris  (510) 839-5200
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [x] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [x] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [x] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause: False arrest and excessive force (law enforcement officers)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND
[ ] SAN JOSE

DATE May 6, 2008
SIGNATURE OF ATTORNEY OF RECORD

JOHN L. BURRIS, ESQ.  CSB#69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA  94621-1939
Tel: (510) 839-5200
Fax: (510) 839-3882
e/m: John.Burris@JohnBurrisLaw.com

Attorneys for Plaintiff
EMMETT COLLINS III

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMMETT COLLINS III,

        Plaintiff,

vs

COUNTY OF ALAMEDA; Alameda County Sheriff's Deputy R. PECK; Alameda County Sheriff's Deputy S. SORENSEN; DOES 1 - 25, inclusive,

        Defendants.
_____/

NO. C08-02522

**COMPLAINT FOR DAMAGES [CIVIL RIGHTS]**

**JURY TRIAL DEMANDED**

## JURISDICTION

1.  This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in Hayward, California which is within this judicial district.

## PARTIES

**COMPLAINT FOR DAMAGES [CIVIL RIGHTS]**                                        1

2. Plaintiff EMMETT COLLINS III ("COLLINS"/"Plaintiff") was a citizen of the United States and a resident of Hayward, California, at all times herein mentioned.

3. Defendant COUNTY OF ALAMEDA is a governmental entity within the state of California, one of whose agencies is the Alameda County Sheriff, an elected official responsible for the management of the Alameda County Sheriff's Department and its deputies, officers and employees. Defendant COUNTY OF ALAMEDA is subject to suit pursuant to 42 U.S.C. § 1983 and Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

4. Defendants R. PECK and S. SORENSEN were at all times mentioned herein, sheriff's deputies employed by the Alameda County Sheriff's Department and COUNTY OF ALAMEDA ("COUNTY"). These defendants are sued herein individually and in their official capacity. In engaging in the conduct described herein, said defendants acted under the color of law in the course and scope of their employment for COUNTY. In engaging in the conduct described herein, said defendants exceeded the authority vested in them under the United States Constitution and as employees of the COUNTY OF ALAMEDA.

5. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein.

COMPLAINT FOR DAMAGES [CIVIL RIGHTS]                                    2

Plaintiff will amend his complaint to state the true names and/or capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

6. At all times herein mentioned, each and every defendant was the agent or employee of their co-defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment and with the actual or implied permission, consent, authorization, and approval of their co-defendants.

## STATEMENT OF FACTS

7. Emmett Collins III ("COLLINS"), an African-American, was arrested by defendants PECK and SORENSEN at approximately midnight on December 14, 2006. At the time of his arrest, he was seated in his car on Filbert Street near its intersection with B Street in Hayward, California, eating a sandwich. PECK arrived in his patrol car, got out and approached the driver's side window of COLLINS' car and asked him for identification. While COLLINS put his sandwich down, reaching for his wallet, he asked PECK why he was being questioned. When PECK replied that COLLINS looked suspicious, COLLINS, thought he was being "profiled" and asked PECK to call his sergeant. PECK became hostile and aggressive and told COLLINS he was under arrest because PECK was unable to identify him. PECK pulled COLLINS from the car and placed him in handcuffs. Deputy S. SORENSEN arrived as PECK hit a restrained COLLINS several times with his flashlight, including strikes to the head. Once SORENSEN and

COMPLAINT FOR DAMAGES [CIVIL RIGHTS]                                    3

PECK saw the condition COLLINS was in--his face was a bloody mess--they called for an ambulance. COLLINS was transported by ambulance to Eden Medical Center. COLLINS sustained a gash on his forehead, a fractured eye socket and a broken nose in addition to bruises and abrasions. COLLINS had no criminal history before PECK caused charges to be filed against him for resisting arrest. The charges were eventually dropped.

## CLAIMS REQUIREMENT

8. Plaintiff complied with all applicable requirements precedent to filing a civil suit.

## DAMAGES

9. As direct, actual and proximate result of defendants' conduct, plaintiff was severely and permanently injured in his health and strength, sustaining severe head and facial injury and bruises and abrasions. He incurred expenses as a result of his car being towed from the scene of the arrest. He was held in Santa Rita Jail for two days, made more than half a dozen court appearances, losing one job as a result and losing wages in his subsequent employment. COLLINS continues to experience anxiety, terror, shame and humiliation as well as a loss of his security and pride in his ethnicity because he understands his injuries to have been occasioned in part because of his racial identity as an African-American.

10. The conduct of PECK and SORENSEN was oppressive, malicious, wanton and justifies an award of punitive damages against each of those defendants.

COMPLAINT FOR DAMAGES [CIVIL RIGHTS]                                   4

11.  Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law and is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his rights.

FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)
(Against defendants PECK and SORENSEN,
and DOES 1 through 25, inclusive)

12.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 1 of this complaint.

13.  In doing the acts complained of herein, defendants acted under color of law to deprive the plaintiff of certain constitutionally protected rights, including, but not limited to:

   a.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the fifth and fourteenth Amendments to the United States Constitution;

   b.  The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution;

   c.  The right to be free from the use of excessive use of force by law enforcement officers, as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution; and,

   d.  The right to be free from preconviction punishment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution.

14.  As a proximate result of said deprivations of these

COMPLAINT FOR DAMAGES [CIVIL RIGHTS]                                    5

constitutional rights plaintiff herein suffered damages and injuries.

WHEREFORE, Plaintiff pray for relief as set forth herein.

<u>SECOND CAUSE OF ACTION</u>
(42 U.S.C. § 1983)
(Against defendant COUNTY)

15.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 14 of this complaint.

16.  Defendant COUNTY and the Alameda County Sheriff were, prior to this incident, given notice of a pattern of ongoing constitutional violations and unlawful practices, and likely continuance of same by one or both of the defendant sheriff's deputies while in their employ and/or under their supervision. Said pattern and practices have resulted in, and continue to result in the wrongful injury of African-American citizens taken into custody in Alameda County.  Despite this notice, defendant COUNTY and the Alameda County Sheriff demonstrated deliberate indifference to these patterns and practices of constitutional violations by failing to take the necessary, appropriate, or adequate preventative measures.  This lack of an adequate supervisorial response by defendants demonstrates the existence of an informal custom or policy which tolerates the continued violation of civil rights of American citizens by the deputies, sergeants and officers supervised by the Alameda County Sheriff.

17.  The acts of the individual defendants alleged herein are foreseeable and proximate results of the indifference of

**COMPLAINT FOR DAMAGES [CIVIL RIGHTS]**                                                              6

COUNTY, the Alameda County Sheriff and subordinate supervisory officials and employees to the pattern, practices, customs and policies described above.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, plaintiff prays for relief as follows.

1. For special damages in an amount to be proven;
2. For general damages in the sum of $2,000,000.00;
3. For punitive damages against the individually named officers in an amount sufficient to make an example of the individual defendants and to deter future misconduct;
4. For reasonable attorney's fees;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

Dated: May 16, 2008

LAW OFFICES OF JOHN L. BURRIS

By: _____
John L. Burris, Esq.
Attorney for Plaintiff
EMMETT COLLINS III

COMPLAINT FOR DAMAGES [CIVIL RIGHTS]                                                 7