Clyde A. Thompson, SBN 72920
Benjamin A. Thompson, SBN 236590
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:   510-763-2324
Fax:   510-273-8570

Attorneys For Defendants
COUNTY OF ALAMEDA, RYAN PECK
and SCOTT SORENSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| EMMETT COLLINS, III,<br><br>  Plaintiff,<br><br>  vs.<br><br>COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPUTY R. PECK; ALAMEDA COUNTY SHERIFF'S DEPUTY S. SORENSEN; DOES 1-25, Inclusive,<br><br>  Defendants. | Case No.: C08-02522 EDL<br><br>**DEFENDANTS COUNTY OF ALAMEDA'S, R. PECK'S, AND S. SORENSEN'S ANSWER TO COMPLAINT FOR DAMAGES [CIVIL RIGHTS]; AND DEMAND FOR JURY TRIAL** |

Defendants, COUNTY OF ALAMEDA, a governmental entity; RYAN PECK, individually and in his capacity as a deputy sheriff for the COUNTY OF ALAMEDA; and SCOTT SORENSEN, individually and in his capacity as a deputy sheriff for the COUNTY OF ALAMEDA, answer the correspondingly numbered paragraphs of Plaintiff's Complaint, and assert their defenses as follows:

**JURISDICTION**

1. Defendants admit that this court has jurisdiction over the controversy alleged, but otherwise, defendants deny generally and specifically each and every other allegation of this paragraph.

**PARTIES**

2. Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis, deny them generally and specifically.

1

*Collins v. County of Alameda, et al.*/Case #C08-02522 EDL
Defendants County Of Alameda's, R. Peck's, And S. Sorensen's Answer To Complaint
For Damages [Civil Rights]; And Demand For Jury Trial

3.  Defendants admit the COUNTY OF ALAMEDA is a governmental entity, duly organized and existing under the laws of the State of California, and that the Alameda County Sheriff is an elected official. Defendants deny generally and specifically each and every other allegation of this paragraph.

4.  Defendants admit that Defendant Peck and Defendant Sorensen were Alameda County Deputy Sheriffs on or about December 14, 2006, and that the officers were acting in the course of their duties during the relevant timeframe. Defendants deny generally and specifically each and every other allegation of this paragraph.

5.  Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis, deny them generally and specifically.

6.  Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis, deny them generally and specifically.

## STATEMENT OF FACTS

7.  Defendants admit that Alameda County Deputy Sheriff Peck approached a car occupied by plaintiff. Defendants admit Deputy Peck requested plaintiff's identification. Defendants admit force was used in response to plaintiff's conduct. Defendants admit that Alameda County Deputy Sheriff Sorensen arrived on scene at some point prior to or during plaintiff's arrest. Defendants admit than an ambulance was summoned to attend to plaintiff, and that plaintiff was transported to Eden Medical Center for further treatment. Defendants deny generally and specifically each and every other allegation of this paragraph.

## CLAIMS REQUIREMENT

8.  Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis, deny them generally and specifically.

## DAMAGES

9.  Defendants admit plaintiff was held in custody at Santa Rita Jail, otherwise defendants deny generally and specifically each and every allegation of this paragraph.

10. Defendants deny generally and specifically each and every allegation of this paragraph.

2

*Collins v. County of Alameda, et al.*/Case #C08-02522 EDL
Defendants County Of Alameda's, R. Peck's, And S. Sorensen's Answer To Complaint
For Damages [Civil Rights]; And Demand For Jury Trial

1  11. Defendants deny generally and specifically each and every allegation of this
2  paragraph.

### First Cause of Action
### (42 U.S.C. §1983)
### (Against Defendants PECK and SORENSEN, and DOES 1 through 25, inclusive)

12. Defendants incorporate by reference paragraphs 1 through 11 of this answer.

13. Defendants admit that Alameda County Deputy Sheriffs Peck and Sorensen were acting in the course of their duties. Defendants deny generally and specifically each and every other allegation of this paragraph. Defendants also deny generally and specifically each and every allegation of sub-paragraphs a, b, c and d, to the extent plaintiff claims defendants infringed any of these constitutional protections.

14. Defendants deny generally and specifically each and every allegation of this paragraph.

### Second Cause of Action
### (42 U.S.C. §1983)
### (Against Defendant COUNTY)

15. Defendants incorporate by reference paragraphs 1 through 14 of this answer.

16. Defendants deny generally and specifically each and every allegation of this paragraph.

17. Defendants deny generally and specifically each and every allegation of this paragraph.

### DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues appropriate for jury resolution.

### PRAYER

Defendants deny plaintiff's claims for injuries and damages, deny plaintiff's prayer for relief in its entirety, and each item of alleged damages or relief.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Defendants allege that neither plaintiff's complaint nor any of the alleged claims for relief or "causes of action" therein state facts sufficient to constitute a claim for relief against

3

*Collins v. County of Alameda, et al.*/Case #C08-02522 EDL
Defendants County Of Alameda's, R. Peck's, And S. Sorensen's Answer To Complaint
For Damages [Civil Rights]; And Demand For Jury Trial

1  defendants.

## SECOND AFFIRMATIVE DEFENSE

Defendants allege that their conduct was privileged and/or justified.

## THIRD AFFIRMATIVE DEFENSE

Defendants allege that all actions undertaken by them regarding and relating to plaintiff were in good faith and with reasonable belief that said actions were valid, necessary, and constitutionally and statutorily proper.

## FOURTH AFFIRMATIVE DEFENSE

Defendants allege that they are entitled to statutory and/or common law immunity, including qualified immunity, and as such are not liable for damages as alleged in plaintiff's complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff's claims for relief are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff had a duty to use reasonable efforts to mitigate his alleged damages and plaintiff failed to use reasonable efforts to mitigate those alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff expressly or impliedly consented to the matters of which he now complains.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that the claims set out in plaintiff's complaint, and each cause of action therein, are barred due to plaintiff's failure to comply with applicable claims presentation requirements set forth in the California Government Tort Claims Act.

## NINTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff's complaint does not state facts sufficient to constitute a cause of action and that it is barred by plaintiff's failure to comply with applicable notice and claim provisions of California Government Code Sections 905, 910, 910.2, 911.2 et seq.,

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

4
*Collins v. County of Alameda, et al.*/Case #C08-02522 EDL
Defendants County Of Alameda's, R. Peck's, And S. Sorensen's Answer To Complaint
For Damages [Civil Rights]; And Demand For Jury Trial

and 945.6.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint and each and every cause of action contained therein is limited and/or barred by the terms of California Government Code Sections 815, 815.2(b), 818, 820.2, 820.4, and California Penal Code Sections 834a, 835a, and 836.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' actions and conduct were based on reasonable suspicion and/or probable cause under the U.S. Constitution, therefore plaintiff's claims are barred.

WHEREFORE, Defendants pray as follows:

1. That plaintiff take nothing from Defendants by his Complaint;

2. That Defendants be awarded judgment in this action;

3. That Defendants be awarded costs of suit incurred herein; and

4. That Defendants be awarded such other relief as this Court deems proper.

Dated: June 12, 2008

HAAPALA, THOMPSON & ABERN, LLP

By: /s/ Benjamin A. Thompson
Benjamin A. Thompson
Attorneys For Defendants
COUNTY OF ALAMEDA, RYAN PECK
and SCOTT SORENSEN

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

5
*Collins v. County of Alameda, et al.*/Case #C08-02522 EDL
Defendants County Of Alameda's, R. Peck's, And S. Sorensen's Answer To Complaint
For Damages [Civil Rights]; And Demand For Jury Trial